Jerry S. PAYNE Plaintiff,

v.

Colin C. LEVY, et. al. Defendants.

No. CIV. A. H–97–2255.

United States District Court,
S.D. Texas,
Houston Division.

Dec. 16, 1998.

---

Jerry Stephen Payne, Payne & Associates, Houston, TX, for plaintiff.

Thomas Holderness, DOJ, Washington, DC, for defendants.

## MEMORANDUM

HOYT, District Judge.

### I.

In this suit a taxpayer raises claims against a former Internal Revenue agent for allegedly disclosing tax return information. This suit finds it origin in Cause No. 97–0549, styled *Colin C. Levy v. United States of America, et. al.* In that suit Levy alleged that he was forced to resign his position with the Internal Revenue Service ("IRS"), because the IRS was unable to convict Jerry S. Payne, the taxpayer of violations of the IRS laws.

In his complaint the defendant, here, referred to the plaintiff, Jerry S. Payne and the plaintiff's difficulties with the IRS as the basis, or undercurrent, that led to his loss of reputation and caused defamation of his character. The plaintiff, Payne, attempted to intervene in that suit, but was unsuccessful. The plaintiff then brought this suit against the defendant and also the United States of America. Earlier, the United States was dismissed, and the suit between the plaintiff and the defendant proceeded to a trial before the Court.

### II.

In this suit, the defendant filed a counterclaim against the plaintiff for libel, slander, defamation of character, intentional infliction of emotional distress, frivolous and malicious prosecution and making false and misleading statements. The Court has reviewed the pleadings in light of the time frames for bringing any suit and concludes that the defendant's counterclaims are time barred or fail to state a cause of action.

The defendants' counterclaims are permissive and are independent suits, therefore, the bringing of the suit was not dependent upon the plaintiff's suit. In his testimony before the Court, the defendant acknowledged that he resigned because of mistreatment by his supervisors within the IRS. He also acknowledged that he was not, in fact, terminated and that his troubles arose when the IRS lost its case against the plaintiff. The plaintiff produced no documentation or testimony, beyond suspicion, that supported his various claims. Therefore, the defendant's counterclaim is dismissed with prejudice as time barred and frivolous.

### III.

The Court turns next to the plaintiff's suit against the defendant which is based on allegations that the defendant, without authorization, disclosed "return information" con-

cerning the plaintiff's income tax return(s). See Title 26 U.S.C. § 6103(a). Section 6103(a) prohibits the disclosure of tax returns and return information. *See Johnson v. Sawyer*, 980 F.2d 1490 (5th Cir.) *rehearing* 4 F.3d 369 (1993).

In his pleadings in Cause Number 97–0549, the defendant disclosed that the plaintiff, Jerry Payne, had close business ties to a 50% stockholder in a topless bar that was being audited. He stated that the plaintiff had been referred to IRS–CID for CID investigation. The defendant asserted that IRS management decided not to formally open a Form 1040 investigation of the plaintiff, but chose to refer the matter to CID. Finally, the defendant asserted that he was brought in to assist in the valuation of the plaintiff's topless club, Caligula XXI. Ultimately, the defendant reported the results of his investigation, that the plaintiff was under reporting the club's income by millions of dollars, as well as his, the plaintiff's personal income.

### IV.

To the plaintiff's claims, the defendant asserts that any information disclosed in his pleading in Cause No. 97–0549, was disclosed earlier during the government's criminal prosecution against the plaintiff. Assuming that the defendant is correct in his assessment, that the information included in his pleadings was in the public record or public domain, the plaintiff's suit fails, entirely.

### V.

The evidence shows, in Criminal Cause Number 95–22, styled the *United States of America v. Jerry S. Payne,* that the plaintiff was indicted as a result of the CID's and Levy's investigations. The indictment and the evidence presented show that the statements claimed as disclosures by the plaintiff in this suit were disclosed in public records as early as April of 1995. *See Order of Motion to Suppress,* Crim. No. 95–22, April 25, 1995. Therefore, the Court concludes that any subsequent disclosure in the defendant's civil pleading in Cause No. 97–0549 was of no consequence because the information was already in public domain. In all

respects, the plaintiff's suit is frivolous, and is dismissed with prejudice.

It is so ORDERED.